No. 332

PRATT v. BRIANT et al

Ohio Appeals, 2d Dist., Franklin County
No. 1095. Decided Jan. 31, 1924
561. FRAUD—Verdict held not manifestly against weight of evidence.

KUNKLE, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action for fraud brought by Briant against Pratt. Briant claimed that when Pratt sold him a certain moving picture business he represented that he owned 233 chairs, a pop corn machine, and that he had a lease upon the room in which the business was being conducted. Briant claimed that he was damaged in the sum of $1,671.50 as a result of these fraudulent misrepresentations. The jury returned a verdict in favor of Briant in the sum of $1,000. Defendant prosecuted error, claiming the verdict was manifestly against the weight of the evidence. In sustaining the judgment of the lower court, the Court of Appeals held:

1. It cannot be said as a matter of law that the verdict was manifestly against the weight of the evidence.

Attorneys—Grover C. Brown and Guy V. Pridley, for Pratt; Thomas M. Sherman and Morrow & Morrow, for Briant et al; all of Columbus.

No. 333

MASSACHUSETTS BONDING & INS. CO. v. MEDER

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4883. Decided Feb. 11, 1924
193. BURGLARY INSURANCE—Insured held not entitled to recover insurance whose policy only covered loss from use of tools or explosives, as there was no evidence of such a burglary.

PER CURIAM.

Epitomized Opinion

Published Only in Ohio Law Abstract

Meder brought an action against the Insurance Company to recover the value of certain articles that he claimed were stolen from his office located in Cleveland, Ohio. The action was brought under a burglary insurance policy which covered losses for burglary "by any person or persons who shall have made entry into such safe or safes by the use of tools or explosives applied directly to the outside thereof." The evidence showed that the safe in Meder's office, Meder had left the combination to the safe in his desk, that the desk could be broken open and that the face and combination of the safe had been deeply scratched, but there was no evidence of the combination being broken or the safe blown open, in fact the evidence showed that the combination worked as well after the entry to the safe as before. A verdict waws rendered for the plintiff, whereupon the Insurance Company prosecuted error. In reversing th judgment of the lower court, the Court of Appeals held:

1. As there is no evidence to show that entrance to the safe was effected by means either of explosives or of tools, the insured did not come within the terms of the policy which provided only for indemnity where burglary was effected by the use of tools or explosives.

## COMMON PLEAS COURT

No. 334

KNODLE v. SWEENEY

Hamilton Common Pleas

No. 184561

118. AUTOMOBILES—Failure to require bill of sale does not render note and mortgage on contract for sale of used motor vehicle unenforcible.

MATTHEWS and DIXON, JJ.

Epitomized Opinion

Published Only in Ohio Law Abstract

Knodle sued Sweeney to recover for certain automobile tires which he alleged he delivered to him. Sweeney filed a cross-petition alleging that he sold to Knodle an automobile, that the tires were delivered to him as part payment, leaving a balance of $250, for which Knodle gave two notes, one for $25, which was not secured in any way, and the other note for $225, which was secured by a chattel mortgage upon the automobile. He prayed for judgment and foreclosure of the mortgage. The evidence disclosed that Sweeney delivered the automobile to Knodle, but no bill of sale was executed, and it was contended, as the failure to give the bill of sale was a violation of law, by 109 OL. 330, that Sweeney was not entitled to recover. In rendering judgment for Sweeney, the court held:

1. "It is the opinion of this court that the failure of the purchaser to insist upon a bill of sale does not render the contract of sale unenforcible and does not preclude the vendor from recovering thereon. The contract of sale is entirely independent of the bill of sale, which was simply the vehicle of conveyance, and the vendor was not required to rely upon the bill of sale to establish his cause of action upon the notes and mortgage."

Attorneys—H. P. Karch, for Knodle; J. J. Seigler and E. G. Becker, for Sweeney.